## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ESTHER BRADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 07-4054-JAR |
| ) | |
| **FRITO LAY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff Esther Bradley brought suit against her former employer, Frito Lay, Inc. seeking redress for alleged violations of Title VII, with claims of unlawful discrimination in the terms and conditions of employment and termination from employment because of gender.  Plaintiff filed this action one day before the 90 day statute of limitations ran, made no apparent or claimed effort to serve Defendant within the required 120 days, and then on the 127th day, filed a motion for a 30 day enlargement of time to serve process.  This matter comes before the Court on Plaintiff's objection (Doc. 5) to Magistrate Judge Sebelius's Report and Recommendation (Doc. 4) recommending denial of Plaintiff's motion for enlargement, and thus dismissal of this action.  Upon de novo review, this Court concludes that Plaintiff's objection should be denied for the same reasons articulated by Judge Sebelius.

Plaintiff objects to Judge Sebelius' Report and Recommendation, prevailing on this Court to exercise the discretion accorded under Rule 4(m) of the Federal Rules of Civil Procedure, to allow Plaintiff an enlargement of time to serve process.  If the Court adopts the Report and

Recommendation and dismisses this case, Plaintiff will not be able to re-file this action, for the statute of limitations ran on September 8, 2007, one day after Plaintiff filed the instant action on September 7, 2007.  This Court recognizes the egregious result, but declines to exercise its discretion under the particular circumstances of this case.  Here, Plaintiff did not serve Defendant within 120 days.  More importantly, Plaintiff did not attempt to serve Defendant within 120 days.  In fact, the only reason Plaintiff offers in support of her motion for enlargement of time is that her counsel mistakenly calendared the deadline for service.

In short, the Court finds no reason to exercise its discretion in favor of a plaintiff who offers no good reason for failing to prosecute this case through timely service.  Plaintiff apparently made no attempt to serve Defendant; and Plaintiff has not suggested that she had any problems locating and/or serving Defendant, her former employer.   Plaintiff simply has not shown good cause for her motion for enlargement.  At the same time, Defendant has persuasively argued that it will be prejudiced.  Granting Plaintiff an additional 30 days to serve Defendant, would allow Plaintiff some 157 days to effect service, allowing Plaintiff to serve Defendant as much as 156 days after the date the statute of limitations would have otherwise run.

The policy reasons underlying limitations statutes demonstrate the importance of filing deadlines and the potential prejudice without them.  With the passage of time, evidence grows stale, witnesses become harder to locate, and witness recollections often fade.  Thus, a plaintiff must timely file his action, and then timely serve the defendant, allowing for the expeditious, efficient and effective prosecution and defense of the case.    Like Magistrate Judge Sebelius,

this Court agrees with Judge Belot's analysis in *Riddle v. Wichita Public Schools*,[1] that although Rule 4(m) of the Federal Rules of Civil Procedure gives the court discretion to extend the 120 day deadline, the court would abuse its discretion in extending the deadline for a plaintiff who made no effort to effect service.

**IT IS THEREFORE ORDERED BY THE COURT** that **PLAINTIFF'S OBJECTION (Doc. 5)** is **OVERRULED AND DENIED** and  Magistrate Judge Sebelius's **REPORT AND RECOMMENDATION (DOC. 5) IS ADOPTED AS THE COURT'S OWN.**

**IT IS FURTHER ORDERED THAT THIS CASE IS DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

**Dated this 7th   day of March 2008.**

    S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

.

---

[1] 2005 WL 1563444 (D. Kan. 2005).